**SHARI RUSK**
Attorney at Law
P.O. Box 188945
Sacramento, CA 95818
Telephone:  (916) 804-8656
Email: rusklaw@att.net

Attorney for Defendant
TOMAS MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:13CR00095 |
| | ) | |
| Plaintiff, | ) | MOTION TO DISMISS |
| | ) | |
| vs. | ) | |
| | ) | Date:   May 31, 2022 |
| Tomas Mendoza, | ) | Time:   9:30 a.m. |
| | ) | Judge: Hon. John A. Mendez |
| Defendant. | ) | |
| | ) | |
| | ) | |

Tomas Mendoza, by and through undersigned counsel, hereby moves to dismiss charges 1, 4, and 5 of the Superseding Petition for Warrant or Summons for Offender Under Supervision filed May 9, 2022. The basis for this dismissal is that Mr. Mendoza pled guilty in state court to the offense conduct charged in counts 1, 4 and 5 of the Superseding Petition before this court, with a promise that federal charges would not be filed based on the same conduct. On November 13, 2020, Mr. Mendoza entered a guilty plea to a negotiated disposition (See attached Tr at 3, lines 11 – 12; and Tr at 7, line 17) before the Superior Court of California, Mr. Mendoza plead and was sentenced in reliance on an explicit agreement reached with the Deputy District Attorney and the United States Attorney Office. The agreement ensured that the United States

-1-

1   Attorney Office would not pursue any TSR violations by Mr. Mendoza on the basis of the

2   offenses that occurred on August 17, 2020, to which Mr. Mendoza pled guilty. To prosecute Mr.

3   Mendoza for these violations would breach the government's binding agreement, despite Mr.

4   Mendoza's full compliance with the terms and conditions. He is entitled to a remedy of specific

5   performance in the form of dismissal of the alleged TSR violations relating to August 16, 2020

6   — charges 1, 4, and 5.

7

8   BACKGROUND

9

10   The probation officer filed a petition and request for warrant on May 9, 2022 alleging that

11   Mr. Mendoza violated his terms of Supervised Release.  TSR Violation p. 5.  Charge 1 alleged

12   Mr. Mendoza committed a new law violation, possessing a firearm on August 17, 2020. On

13   November 13, 2020, Mr. Mendoza pled guilty to this offense in state court and was sentenced to

14   three years and eight months. Charge 2 alleged Mr. Mendoza failed to notify his probation

15   officer of law enforcement contact after he was questioned by officers while seeking medical

16   care at the hospital. Charge 3 alleged Mr. Mendoza associated with prohibited persons, namely

17   VMS gang members. Charges 4 and 5 alleged Mr. Mendoza was found to be in possession of

18   methamphetamine, a controlled substance and of a firearm, for which he also was convicted and

19   sentenced on November 13, 2020. The November 13, 2020 conviction was for the precise

20   conduct alleged in the federal petition – possession of a firearm and methamphetamine on

21   August 17, 2020. Mr. Mendoza pled guilty and was sentenced to nearly four years, in exchange

22   for an agreement by the Deputy District Attorney that the federal government would not pursue

23   violation charges for this specific conduct alleged in Counts 1, 4 and 5 of the federal petition.

24   Charges 2 and 3 of the TSR petition are not at issue here.

25

26

27

28   I.   ARGUMENT

-2-

1

   **1.   The Deputy District Attorney, the United States Attorney Office, and Mr. Mendoza
         Reached an Enforceable Agreement that Precludes Federal Prosecution for TSR**

2

   **Violations Stemming from August 17, 2020**

3

   a.   <u>The Plea Agreement</u>

4

5      Mr. Mendoza reached an agreement through plea negotiations with his counsel and Stacie

6   Derman, the Deputy District Attorney. (See Attached Sentencing Transcript p. 3.) Mr. Mendoza

7   agreed to plead "no contest" to charges 1, 4 and 5 and in exchange would not be prosecuted by

8   the United States Attorney Office for TSR Violations for the same conduct on August 17, 2020.

9   At a hearing before the Superior Court on November 13, 2020, Mr. Mendoza plead, and his

10  defense counsel and the prosecutor, Ms. Derman, explained the agreement before the court:

11

12  | Mr. Vaswani: | Your Honor, Ms. Derman has negotiated with the United States Attorney Office to Retract its post community release and not file a new case. |

13

14  | The Court: | Is that a condition to this? |

15  | Ms. Derman: | No, it is not. What I indicated was that — that **they are not going to file a new change based on this.** |

16

17  | The Court: | **Based on the August 17th incident**? |

18  | Ms. Derman: | **Correct, in lieu of my filing here, and they have also indicated to me that if the violation of probation is based on this offense, it would not proceed**. If it's based on any other violations of his probation, that is a different situation and would proceed. |

19

20

21  Plea Transcript p. 8. [Emphasis added].

22      The agreement discussed at this hearing was a binding obligation taken on by Mr.

23  Mendoza, Ms. Derman on behalf of the State of California, and The United States Attorney

24  Office. The agreement was valid, enforceable, and now must be upheld by this court to ensure

25  the fair and honorable administration of justice. Ms. Derman responded to Mendoza's defense

26

27  investigator's email with a message indicating she did not recall who she spoke to at the U.S

28

.Attoney's Office, but that she did indeed confirm her notes indicate she spoke with an A.U.S.A. who said the federal violation would not be prosecuted in lieu of the State plea. (See attached email).[1]  Mr. Mendoza relied to his detriment on this promise.

b.   A Plea Agreement is Analyzed Under Contract Law

A plea agreement between the Government and a defendant is subject to traditional contract law principles. *Puckett v. United States*, 556 U.S. 129, 137 (2009); *United States v. Carrillo*, 709 F.2d 35, 36 (9th Cir. 1983). For decades, the Ninth Circuit, in line with Supreme Court jurisprudence, has applied contract principles when approaching plea agreements. *United States v. Irvine*, 756 F.2d 708, 710 (9th Cir. 1985) ("Generally speaking, a cooperation-immunity agreement is contractual in nature and subject to contract law standards); *United States v. Plummer*, 941 F.2d 799, 803 (9th Cir. 1991); *United States v. Wilson,* 392 F.3d 1055, 1059 (9th Cir. 2004).

The statements made on the record by Ms. Derman in Mr. Mendoza's case expressly identified the United States Attorney's office agreement. Ms. Derman gave assurances on the record that after the court entered Mr. Mendoza's pleading that he would not be subjected to further federal prosecution for the specific conduct of possessing a firearm and methamphetamine on August 17, 2020 – for which he was pleading guilty and being sentenced. This statement was not qualified: "What I indicated was that — that they are not going to file a new charge based on this." Plea Transcript p. 8. This language embodies and reaffirms not only

---

[1] It is the defense understanding that the government, here, has also confirmed that Deputy District Attorney Derman spoke with an Assistant U.S. Attorney prior to her in court representations on November 13, 2020.

-4-

that Mr. Mendoza had negotiated his state plea in reliance on not being federally violated for this conduct, but that he was *promised* that the Government would uphold its side of the bargain.

     c.   The Government' Promises Induced Mr. Mendoza's "No Contest" Plea

Promises made through the course of a plea agreement are fully enforceable and in the interest of justice, must be fulfilled by the Government. The integrity of the justice system, bolstered by expansive case-law, demands fulfillment of such promises and the duty of both prosecutors and the courts to honor them.

In *Santobello v. New York,* 404 U.S. 257 (1971), the Supreme Court evaluated and affirmed the enforceability of plea agreements against prosecutors. Significantly, *Santobello* established that where prosecutorial promises induce or influence a defendant's decision to take a plea agreement, those promises must be fulfilled by the Government. *Id* at 262*.* The case concerned a plea agreement negotiated with the Assistant District Attorney for felony gambling charges. The petitioner agreed to plead guilty to a lesser-included offense and in exchange, the prosecutor would make no recommendation as to the sentence. However, after procedural delays caused the sentencing hearing to be conducted before a new judge and a new prosecutor, the new prosecutor recommended the maximum sentence of one year. Defense counsel immediately objected and the judge, unaware of the prior agreement, imposed the maximum sentence with assurances on the record that he was "not at all influenced by what the District Attorney says." *Id* at 259.

The Government conceded that the promise of no sentence recommendation was made to the defendant, and therefore had to be enforced in some way. *Id* at 262. The Court emphasized that the traditional voluntariness requirement applied to plea agreements and affixed the

"inducement by promises" rule to those safeguards. In doing so, it inextricably linked the voluntariness of a defendant's plea to the promises made during negotiations and elevated the risk of prejudice to a defendant when plea agreements are not honored.[2] *Id.* To ensure the safeguards are not performative, the Court ordered that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.*

Mr. Mendoza was given assurances that the United States Attorney would not pursue TSR violations relating to his August 17th offense conduct. Mr. Mendoza's defense counsel, Mr. Vaswani, brought the agreement to the attention of the court.  Mr. Vaswani's indication of the deal and Ms. Derman's subsequent confirmation of the terms of the deal concretely establish the deal was reached prior to pleading. The prosecution's statement indicates that an agreement had been finalized and its terms known before Mr. Mendoza gave his "no contest" plea. His reliance on the terms of the agreement meant that he was induced into pleading by promises made by the Government.

### 2.   The Federal Government is Bound by the Original Plea Agreement

The plea agreement securing Mr. Mendoza's freedom from federal TSR violation prosecution bound both the state and federal prosecutors. The deal was reached with the cooperation and involvement of a United States Attorney who was duly authorized to make such promises.

The established *Santobello* proposition is that generally promises made during the course of plea-bargaining must be honored and enforced. *Id.* It expanded this analysis by adding: "That rule, however, is typically subject to two conditions: (1) the agent must be authorized to make the promise; and (2) the defendant must rely to his detriment on that promise." *Johnson,* 769 F.2d at 633. Here, the promise came directly from an Assistant United States Attorney. As discussed above, the disposition was discussed prior to Mr. Mendoza's final plea and was a deciding factor in his accepting the State's offer.

The sum of jurisprudence concerning plea agreements requires that the agreement is made by someone with actual authority and that the defendant detrimentally relied on the promises made. As a contract, plea agreements require specific terms and a definite offer. Mr. Mendoza was approached by the state prosecutor and offered a deal that included pleading guilty to conduct that also violated his federal supervised release conditions, with the promise that the federal government would not pursue additional violation charges based on the same conduct. Mr. Mendoza was promised that the United States Attorney Office was part of this deal and explicitly authorized the agreement. Mr. Mendoza relied on these assurances at his hearing on November 13, 2020 and was in induced to plead "no contest." He now asks this court to enforce the promises of the plea agreement, upon which he detrimentally relied and order dismissal of counts one, four and five of this petition. Strict enforcement of the plea agreement promises would best ensure that the government meets its duty. "The integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement." *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000).

## II.     CONCLUSION

Mr. Mendoza's plea agreement was definite and enforceable. It entitled him to the benefit of his bargain to be free from federal prosecution on TSR violations for conduct he plead guilty to and was sentenced to three years and eight months for.  The agreement was made with the participation of a United States Attorney, duly authorized to make such deals. Mr. Mendoza detrimentally relied on the terms of the agreement when he plead before the California Superior Court. He is now entitled to enforcement of those promises, in the form of dismissal of all TSR violation charges.

Respectfully submitted,                    /s/ Shari Rusk_____
                                           Shari Rusk
                                           Attorney for Defendant Tomas Mendoza

DATED:  May 30, 2022